OPINION
Appellant William Doll, Jr. appeals the decision of the Stark County Court of Common Pleas that affirmed the decision of the Stark County Board of Mental Retardation and Developmental Disabilities ("MRDD") to suspend him, without pay, for three days, as a result of several disciplinary infractions. The following facts give rise to this appeal.
In February 2000, Gloria Steiner, Manager of Information Systems for MRDD, became aware of the existence of a piece of pornographic material on the interoffice e-mail system of several employees of MRDD. This type of non-work related material is in violation of MRDD's policies regarding electronic communications, which prohibits "[e]ntering computer games, personal information or any other non-approved information * * * on the program computers or laptops." Policies concerning the computer system had previously been provided to all employees and clearly indicates that the use of the e-mail or computer, for personal use, is strictly prohibited.
Following an extensive investigation, it was determined that a number of employees were involved with receiving and sending items, on the interoffice e-mail system, that involved pornography or sexual content. In total, approximately twelve employees were interviewed and questioned about the content found on their e-mail and the e-mails they had sent to other employees of MRDD.
Appellant was the only employee of the Superintendent's "key staff" that was identified as an individual who had sent either sexual or pornographic e-mails to or from the MRDD e-mail system. Appellant is the Manager of Buildings and Grounds and is responsible to supervise all of the maintenance workers, custodians and his office staff.During the investigation, appellant was identified through e-mails under the name "twodolls@jbic.com", which appeared on the computer e-mail of his secretary, Marcie Kiefer. The investigation further revealed six e-mails of a sexual nature came into MRDD's computers, from Bill Doll, at appellant's home e-mail address and seventeen e-mails were sent to his home e-mail address from his secretary. The e-mails sent by appellant's secretary also appeared on MRDD's computers because she also sent them to Board members.
Following the investigation, a pre-disciplinary hearing was conducted, for appellant, on April 20, 2000. The following Group III charges were alleged: (1) wanton and willful neglect in the performance of assigned duties or in the care, use or custody of any Agency property or equipment. Abuse, or deliberate destruction in any manner of Agency property, tools, equipment or the property of employees; (2) insubordination by refusing to perform assigned work or to comply with written or verbal instruction of the supervisors; and (3) conduct violating morality or common decency.
MRDD premised these charges on the fact that appellant participated in sending sexual jokes and pictures to his secretary and for failing to properly supervise his secretary, and by allowing his secretary to send these types of materials to himself and other MRDD employees. During the pre-disciplinary hearing, appellant argued MRDD could not prove that the e-mails were in any way related to his job performance. Appellant did not testify or present evidence that any other member of his family was involved in sending the e-mails to his work place or that his wife was a friend with his secretary and that she had sent and received the e-mails. At the conclusion of the pre-disciplinary hearing, the Hearing Officer determined the charges against appellant were founded.
Superintendent Thomas Seesan issued appellant a three-day suspension, without pay, for his participation in sending the e-mails and for his failure to properly supervise his secretary in the use of MRDD's computers. Superintendent Seesan found two violations of the disciplinary policies: (1) wanton and willful neglect of duty; and (2) conduct violating morality and common decency.
Appellant filed an appeal of the superintendent's decision and a recuse hearing was conducted on September 8, 2000. Following testimony and the admission of forty-eight exhibits, the referee ruled in favor of appellant. Subsequently, the MRDD Board met and decided to reject the referee's findings and uphold the three-day suspension. Appellant appealed the Board's decision to the Stark County Court of Common Pleas. On July 18, 2001, the trial court issued a judgment entry in which it affirmed the Board's decision and found the Board's decision to reject the referee's findings supported by a preponderance of substantial, reliable and probative evidence.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN UPHOLDING THE DECISION OF THE STARK COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES WHICH REJECTED THE FINDINGS OF FACT AND RECOMMENDATIONS OF REFEREE SICURO AND UPHELD THE THREE-DAY SUSPENSION IMPOSED UPON APPELLANT.
 II. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Standard of Review
The appeal of the Board's decision is governed by R.C. 5126.23(G), which provides, in pertinent part:
* * *
 (G) Any employee affected by a determination of the board under this division may appeal to the court of common pleas of the county in which the board is located * * *. The appeal shall be an original action in the court and shall be commenced by the filing of a complaint against the board, in which complaint the facts shall be alleged upon which the employee relies for a reversal or modification of such determination. * * * [T]he court shall grant or deny the relief prayed for in the complaint as may be proper in accordance with the evidence adduced in the hearing. Such an action is a special proceeding, and either the employee or the board may appeal from the decision of the court of common pleas pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code. * * *
In an appeal to the court of common pleas, the court must determine if a preponderance of reliable, probative and substantial evidence exists, and, if so, it must affirm the decision. The common pleas court may consider the entire record, including the credibility of the witnesses and the weight and probative character of the evidence. Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. The common pleas court may not substitute its judgment for that of the agency. Instead, if a preponderance of reliable, probative and substantial evidence exists, the court must affirm the agency's decision. Dudukovich v. Lorain Metro.Housing Auth. (1979), 58 Ohio St.2d 202, 207.
On appeal to the court of appeals, we do not re-weigh the evidence. Rather, our review is limited to a question of whether the trial court abused its discretion in finding a preponderance of reliable, probative and substantial evidence exists to support the decision of the Board.Id. at 207. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, we must affirm the judgment of the trial court. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 344. It is based upon this standard that we review appellant's two assignments of error.
 I
Appellant contends, in his First Assignment of Error, that the trial court abused its discretion. Appellant sets forth three arguments in support of this assignment of error. First, appellant maintains the trial court abused its discretion in affirming the decision of the Board because the trial court substituted its judgment for that of Referee Sicuro. Appellant also contends the trial court attempted to infer what the Board thought in disagreeing with Referee Sicuro's decision. Finally, appellant challenges the fact that there was no transcript of the Board hearing. We disagree with appellant's arguments.
The record contains probative evidence that discredits appellant and his wife's testimony that appellant was unaware of these materials. Specifically, six e-mail messages that came from appellant's home e-mail address were addressed as being from "Bill Doll." Appellant's wife could not explain why they were not sent under her name if she sent them as she alleges. One of the e-mails was also sent to Gene Doll, appellant's cousin, whom appellant's wife admits she has never met. Appellant's wife also admitted that she has never really socialized with appellant's secretary beyond a few isolated occasions.
The record also indicates that even though appellant denied viewing any of the pornographic material, Gloria Steiner testified that appellant admitted seeing the "Circus Girl" picture. Finally, it was not until the hearing before Referee Sicuro that appellant argued for the first time that his wife sent the e-mails in question. Prior to that, appellant only argued that the e-mails were not work related.
As to the lack of a record concerning the proceedings before the Board, there is no legal requirement that the Board create a transcript of its proceedings against him. Appellant had the opportunity to attend the Board meeting and observe the proceedings. Further, there is no requirement that the Board explain why it decided to reject the recommendation of Referee Sicuro.
We find the trial court thoroughly reviewed the record in this matter and applied the appropriate standard of review. The trial court did not abuse its discretion as the record contains probative evidence to support its decision.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the trial court's decision to uphold the three-day suspension is against the manifest weight of the evidence. We disagree.
In support of this assignment of error, appellant contends the testimony is uncontroverted that he did not send any of the e-mails in question, that his wife and secretary sent the e-mail messages back and forth and that their testimony was not impeached.
Under a manifest weight challenge, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
As to the charge of conduct violating morality, Referee Sicuro recommended dismissal of the three-day suspension on the basis that appellant was unaware of the e-mails. Based upon the evidence that we have reviewed in appellant's First Assignment of Error, the Board found reason to discredit this testimony and found the evidence supported the conclusion that appellant was aware of the e-mails. The Board's decision is not against the manifest weight of the evidence.
The trial court's conclusion that appellant failed to supervise his secretary is also not against the manifest weight of the evidence. Based upon the evidence, appellant knew about the e-mails and appellant failed to supervise his secretary to insure that she was performing her job duties appropriately and complying with MRDD's Electronic Communication Policy. Further, appellant knew that his secretary violated this policy on three separate occasions, in 1999, for which she was disciplined. Thus, appellant was on notice that his secretary needed to be closely supervised.
Accordingly, we conclude competent, credible evidence is contained in the record to support the trial court's conclusion and said finding is not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Hon. Julie A. Edwards, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.